UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                      :
                                      :
MACON GOLDMAN                         :
                                      :
       Plaintiff,                     :   Civil Action No. 14-2241  (JAP)
                                      :
  v.                                  :
                                      :   **OPINION**
NEXUS CONSORTIUM, INC., et al.        :
                                      :
                                      :
       Defendant.                     :
_____:

PISANO, District Judge.

      Plaintiff Macon Goldman ("Plaintiff") brings this action against defendants Nexus Consortium, Inc. ("Nexus") and George Riesco (together with Nexus, "Defendants") alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the New Jersey Wage and Hour Law N.J.S.A. § 34:11-56a4 ("NJWHL"), and the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-1, *et seq*., ("LAD"). Presently before the Court is a motion by Defendants to dismiss the second and third counts of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons below, the motion is granted.

**I.  BACKGROUND**

      The facts herein are taken from Plaintiff's complaint unless otherwise specified and are presumed to be true for the purposes of this motion:

Nexus is a business located in Neptune, New Jersey that provides technological services to data center operations. Defendant Riesco is the Chief Executive Officer and owner of Nexus. From July 28, 2007, to November 15, 2013, Plaintiff was employed by Nexus as an executive administrative assistant and then as a project manager. In these positions her duties "included filling out forms, preparing routine reports, answering telephones, making travel arrangements, and responding to customer requests." Compl. ¶ 42. According to Plaintiff, she did not supervise anyone, and she did not "have the authority to make decisions without explicit direction" from Defendant Riesco. Plaintiff alleges that during the course of her employment she routinely worked in excess of 40 hours per week and, in fact, routinely worked at least 50 hours per week.

In or about the summer of 2013, Defendant Riesco gave Plaintiff and another employee access to his private Gmail account to enable them to sync his personal contacts with his business contacts. While logged in Riesco's private Gmail account, Plaintiff was "exposed to private chats between Riesco and an unknown person that were of a sexual nature." Compl. ¶ 46. Plaintiff found the "sexual banter" to be offensive. Compl. ¶ 48.

Riesco terminated Plaintiff's employment several months later on November 15, 2013. According to Plaintiff, when she applied for unemployment, Riesco challenged her application and advise the New Jersey Department of Labor that Plaintiff had been terminated for misconduct. However, Plaintiff alleges that Riesco had provided her "with a contrary reason for her termination," but Plaintiff does not specify the "contrary reason." Compl. ¶ 56.

Plaintiff's complaint contains three counts. The first count alleges Defendants failed to pay Plaintiff one and one half times her hourly rate for hours worked in excess of forty in violation of the Fair Labor Standards Act. The second count alleges Defendants failed to pay Plaintiff for hours worked in excess of forty in violation of New Jersey's Wage and Hour Law. The third count alleges that Plaintiff was subjected to sexual harassment in violation to New Jersey's LAD.

## II. ANALYSIS

A. Legal Standard

Defendants move to dismiss the second and third counts pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides for the dismissal if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," but it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). Therefore, in order to withstand a motion to dismiss pursuant to 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a "probability requirement," but

"it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To decide if a complaint meets this plausibility standard and therefore, survives a motion to dismiss, the Third Circuit has required a three step analysis: (1) the Court must "outline the elements a plaintiff must plead to ... state a claim for relief"; (2) the Court must identify "those allegations that are no more than conclusions and thus not entitled to the assumption of truth"; and (3) "where there are well-pleaded factual allegations, [the Court] should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

B.  LAD Claim

"Claims of sexual harassment under the LAD normally fall into two categories: 1) 'quid pro quo,' involving express or implied threats by the employer that the employee will suffer adverse employment consequences if he or she refuses to submit to the employer's sexual demands; or 2) hostile work environment, in which the employer or other employees harass an employee because of his or her gender to such an extent that the workplace becomes hostile." *Entrot v. BASF Corp.*, 359 N.J. Super. 162, 171, (App. Div. 2003) (citing *Lehmann v. Toys 'R' Us, Inc.*, 132 N.J. 587, 601 (1993)).  This case involves the latter.  In order to state a claim under the LAD for hostile work environment sexual harassment (which, as noted, occurs when an employee is harassed because of his or her sex to the point where the working environment becomes hostile), plaintiff must allege that the complained-of conduct "(1) would not have occurred *but for* [her] gender; and it was (2) *severe or pervasive* enough to make a (3) *reasonable woman* believe that (4) the conditions of employment are altered and *the working environment is hostile or*

4

*abusive."* *Lehmann v. Toys 'R' Us*, 132 N.J. 587, 603-04 (N.J. 1993) (emphasis in original). Notably, isolated incidents, mere insults, or teasing generally will not suffice to establish a claim. *See Mandel v. UBS/PaineWebber, Inc.*, 373 N.J. Super. 55, 72 ( App. Div. 2004).

The hostile work environment standard is objective, and a court must "evaluate severity and pervasiveness by considering the conduct itself rather than the effect of the conduct on any particular plaintiff." *El–Sioufi v. St. Peter's Univ. Hosp.*, 382 N.J. Super. 145, 178 (App. Div. 2005). In examining severity and pervasiveness, factors to be considered include "'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Shepherd v. Hunterdon Developmental Ctr.*, 174 N.J. 19-20 (2002) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116, 122 S.Ct. 2061, 2074, 153 L. Ed.2d 106, 124 (2002)). Additionally, the "totality of circumstances" must be examined to determine whether a reasonable person would have viewed the employment environment as sufficiently hostile. *Lehmann*, 132 N.J. at 603-04.

Defendants here argue that Plaintiff's LAD claim fails because the allegedly harassing conduct is not sufficiently "severe or pervasive" to state a claim. *See id.* Applying the principles discussed above, the Court agrees. Here, Plaintiff alleges that she was exposed to "private chats" of "a sexual nature" between Riesco and an unknown person while Plaintiff was in logged into Riesco's private Gmail account to access his contacts. She further alleges that she found this "sexual banter" offensive. Little else of a factual nature is alleged with respect to the LAD claim.

5

Presuming these facts in the complaint to be true, the single, isolated incident complained of does not satisfy the necessary elements to state an LAD claim. In particular, the complained-of conduct is neither severe nor pervasive, and, therefore, the claim fails as a matter of law. As the Third Circuit has stated, "[i]n evaluating a hostile work environment claim both under Title VII and LAD, we are mindful that offhanded comments, and isolated incidents (unless extremely serious) are not sufficient to sustain a hostile work environment claim." *Caver v. City of Trenton*, 420 F.3d 243, 262 (3d Cir. 2005) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (internal quotations omitted). Indeed, the New Jersey Supreme Court has noted that it would be a "rare and extreme case in which a single incident will be so severe that it would, from the perspective of a reasonable woman, make the working environment hostile." *Lehmann*, 132 N.J. at 606-07. This instant case simply is not the rare and extreme case contemplated by the New Jersey Supreme Court. The conduct at issue was an isolated incident in which Plaintiff was exposed to "banter" she subjectively found offensive. The "sexual banter" was not directed at Plaintiff, but rather, was contained in a private online "chat" between two others. There is no allegation that Riesco engaged in the allegedly offensive "chat" with the intention that Plaintiff see it, or that he somehow compelled her to read the chat on her screen. In sum, there are no facts pled from which the Court can conclude that the alleged conduct was sufficiently severe or pervasive such that it would cause a reasonable woman to believe the conditions of her employment had been altered to the point that they were hostile or abusive.

Consequently, the Court finds that Plaintiff's LAD claim fails, and the third count of the complaint shall be dismissed.

C.  NJWHL

Defendants seek dismissal of Plaintiff's NJWHL claim, the complaint's second count, based on their assertion that the FLSA preempts the NJWHL.  In making their argument Defendants rely on only two cases, specifically, *Aguilar v. DDS Painting and Carpentry, Inc.*, 2008 U.S. Dist. Lexis 17137 (March 4, 2008 D.N.J. 2008) and *Kronick v. Bebe Stores, Inc.*, 2008 WL 4509610 (D.N.J. September 29, 2008).  *Aguilar* is simply inapt as it involves an award of damages on a motion for default judgment and references duplicate recovery of damages, not preemption.[1]  In *Kronick*, an unpublished district court case and the only other authority cited by Defendants, the Court found the FLSA preempted the NJWHL because it found plaintiff's remedies under NJWHL would not be greater than those available under the FLSA.

Notably, the Court finds Defendants' briefing on the issue deficient, as Defendants do not discuss or apply in an analysis any of the underlying principles[2] that

---

[1] The Court further notes that the quote attributed to *Aguilar* by Defendants does not appear in the decision.
[2] As stated by the Third Circuit,

> Under the Supremacy Clause, state law that "interferes with or is contrary to" federal law is preempted. *Kurns v. A.W. Chesterton Inc.*, 620 F.3d 392, 395 (3d Cir.2010) (quoting *Free v. Bland*, 369 U.S. 663, 666, 82 S.Ct. 1089, 8 L.Ed.2d 180 (1962)). State law may be preempted by express congressional language, "by implication from the depth and breadth of a congressional scheme that occupies the legislative field," or "by implication because of a conflict with a congressional enactment." *Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 541, 121 S.Ct. 2404, 150 L.Ed.2d 532 (2001). Two fundamental principles guide our preemption analysis. First, "[t]he purpose of Congress is the ultimate touchstone in every pre-emption case." *Wyeth v. Levine*, 555 U.S. 555, 565, 129 S.Ct. 1187, 173 L.Ed.2d 51 (2009) (quoting *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485, 116 S.Ct. 2240, 135 L.Ed.2d 700 (1996)). Second, when Congress has acted "in a field which the States have traditionally occupied," we presume that "the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Id*.

*Knepper v. Rite Aid Corp.*, 675 F.3d 249, 262 (3d Cir. 2013).

7

inform the preemption analysis.  This alone is grounds to deny the motion as to the second count.

Moreover, as Plaintiff points out, the Third Circuit (in a case not mentioned by Defendants until their reply), found Maryland's Wage and Hour Law not to be preempted by the FLSA, finding no intent by Congress to preempt such state law:

> The FLSA contains a savings clause, which states, "No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter." 29 U.S.C. § 218(a). Because the overtime provisions of the MWHL … establish the same, rather than higher, protections than the FLSA, they are not expressly preserved by this provision. Nevertheless, the savings clause is relevant to the question of preemption. Express preemption is improper here, as the statute's plain language evinces a clear intent to preserve rather than supplant state law. Moreover, as the District Court noted, the presence of the savings clause undermines any suggestion that Congress intended to occupy the field of wage and hour regulation.

*Knepper v. Rite Aid Corp.*, 675 F.3d 249, 262 (3d Cir. 2013).

Consequently, the Court finds that Defendants have not established that Plaintiff has failed to state a claim under the NJWHL.

### III.  CONCLUSION

For the reasons above, Defendants' motion is granted as to the third count, and Plaintiff's LAD claim is dismissed.  Defendants' motion is denied as to the second count.  An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano  
JOEL A. PISANO, U.S.D.J.

Date:  January 30, 2015